UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

PALM SPRINGS MILE ASSOCIATES, LTD.,
a limited partnership,

    Plaintiff,

vs.

PIZZA BUFFET 749, LLC,
a limited liability company; and
NABEEL T. ANSARI, an individual,

    Defendants.
_____/

## COMPLAINT

PALM SPRINGS MILE ASSOCIATES, LTD. hereby sues PIZZA BUFFET 749, LLC and NABEEL T. ANSARI, and alleges as follows:

### The Parties and Jurisdiction

1. This is an action for breach of a lease, seeking damages in excess of $470,000.

2. Plaintiff PALM SPRINGS MILE ASSOCIATES, LTD. ("PSM or Landlord") is a limited partnership, whose partners are as follows:

    a. SL Florida LLC, a limited liability company, whose members are Sheila Chess, who is domiciled in and a citizen of New York; Sheila Levine Irrevocable Grantor Trust, a traditional trust, whose trustee is Jordan Pilevsky, a citizen of New York; and Palm Mile Corp., a New York corporation with its principal place of business in New York;

    b. Allen Pilevsky, who is domiciled in and a citizen of New York;

   c. Palm Springs Mile GP LLC, a limited liability company, whose members are as follows:

      i. Philip Pilevsky, who is domiciled in and a citizen of New York;

      ii. PP Palm Springs Mile LLC, a limited liability company, whose sole member is Philip Pilevsky, who is domiciled in and a citizen of New York;

      iii. SIP Palm Springs Mile LLC, a limited liability company, whose members are as follows:

          a. SIP Hialeah Trust, a traditional trust, whose trustees are Michael T. Pilevsky, who is domiciled in and a citizen of New York; and Samantha J. Hoffman, who is domiciled in and a citizen of New Jersey; and

          b. SIP Descendants Hialeah Trust, a traditional trust, whose trustee is Seth Pilevsky, who is domiciled in and a citizen of New York;

      iv. SJH Palm Springs Mile LLC, a limited liability company, whose members are as follows:

          a. SJH Hialeah Trust, a traditional trust, whose trustees are Seth Pilevsky, who is domiciled in and a citizen of New York; and Michael Pilevsky, who is domiciled in and a citizen of New York; and

          b. SJH Descendants Hialeah Trust, a traditional trust, whose trustee is Samantha Hoffman, who is domiciled in and a citizen of New Jersey;

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

    v. MTP Palm Springs Mile LLC, a limited liability company, whose members are as follows:

        a. MTP Hialeah Trust, a traditional trust, whose trustee is Seth Pilevsky, who is domiciled in and a citizen of New York; and

        b. MTP Descendants Hialeah Trust, a traditional trust, whose trustee is Michael Pilevsky, who is domiciled in and a citizen of New York;

    vi. HSL Palm Springs Mile LLC, a limited liability company, whose members are as follows:

        a. HSL Hialeah Trust, a traditional trust, whose trustees are Michael Pilevsky, who is domiciled in and of New York; and Josef Leifer, who is domiciled in and a citizen of New Jersey; and

        b. HSL Descendants Hialeah Trust, a traditional trust, whose trustees are Heidi Leifer, who is domiciled in and a citizen of New Jersey; and Josef Leifer, who is domiciled in and a citizen of New Jersey;

    vii. Corinne Sprung, who is domiciled in and a citizen of New York;

    viii. Jordan Pilevsky, who is domiciled in and a citizen of New York;

    ix. Stephanie Pilevsky, who is domiciled in and a citizen of New York; and

    x. Joshua Levine, who is domiciled in and a citizen of New York.

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

3. Defendant PIZZA BUFFET 749, LLC ("Pizza Buffet" or "Tenant") is a limited liability company. On information and belief, its sole member is Defendant NABEEL T. ANSARI ("Ansari"), who is domiciled in and a citizen of Florida.

4. This Court has jurisdiction under diversity principles pursuant to 28 U.S.C. §§ 1332. The matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(b)(2), where a substantial part of the events or omissions giving rise to the claim occurred, and where the payment being sought is due.

6. This Court has personal jurisdiction under Florida's long-arm statute, through Defendant's operation of a restaurant in this district. Defendant operates, conducts, engages in, and carries on a business or business venture in this state or has an office or agency in this state; has caused injury to persons or property within this state arising out of an act or omission by the Defendant outside this state, while the Defendant was engaged in solicitation or service activities within this state; and breached a contract in this state by failing to perform acts required by the contract to be performed in this state. Defendant regularly does or solicits business, or engages in other persistent courses of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state. The activities of Defendant within the state are substantial and not isolated. In addition, this action arises out of transactions and operations connected with and incidental to Defendant's business within the state and, specifically, the business relationship between Plaintiff and Defendants.

## **GENERAL ALLEGATIONS**

7. On or about June 26, 2007, Plaintiff, as Landlord, and Chente Enterprises II, Inc., as Tenant, entered into a Lease for the Premises, as defined in the Lease, consisting of an approximately 5,390 square foot area in the Palm Springs Mile Shopping Center located in Hialeah, Florida and owned by the Plaintiff.

8. Plaintiff references and incorporates the Lease, as amended, and the terms as defined therein, as Exhibit "1" hereto.

9. Pizza Buffet is the successor in interest to Chente Enterprises II, Inc., pursuant to an Assignment and Assumption of Lease, dated February 9, 2017.

10. The Lease is for a term of years, expiring on December 31, 2022. The total Rent and other charges for the full term of the Lease are in excess of $470,000.

11. On or about March 20, 2017, Defendant Ansari ("Guarantor") executed and delivered to Landlord a Guaranty ("Guaranty") that "absolutely and unconditionally guarantee[s] to Landlord" the obligations of Tenant under the Lease, including the "full and prompt payment to Landlord of all rent, additional rent, and interest, that may become due or payable by Tenant . . . under the Lease."  A true and correct copy of the Guaranty is attached as Exhibit "2" hereto.

12. Tenant is currently in possession of the Premises, pursuant to the Lease.

13. Tenant, however, has breached the Lease by failing to pay Rent and other charges when due on April 1 and May 1, 2020. Tenant has further advised that its non-payment of Rent will continue, because of the circumstances related to COVID-19. The Guarantor has also failed to pay.

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

14. The Landlord recognizes the challenges posed by COVID-19, including on its own business. Under the express terms and provisions of the Lease, however, the Tenant is obligated to pay Rent and that obligation is not excused.

15. While the Lease does contain a force majeure provision in Article 34, the provision does not apply to these circumstances. The provision also expressly states that it does not "apply to Tenant's obligations to pay Rent." Accordingly, since the provision is not applicable, and the Tenant's failure to pay rent is not excused, there is no contractual basis for the Tenant to avoid its obligation to pay Rent.

16. On or about April 20, 2020 and on May 8, 2020, Plaintiff served Defendants with written notices, copies of which are attached as Composite Exhibit "3" hereto, advising that Tenant was in breach of the Lease based on its failure to pay Rent when due, demanding that Rent be paid in full and that the security deposit under the Lease be restored, and expressly reserving all of the Landlord's rights and remedies. Defendants, as set forth above, failed and refused to pay.

17. Landlord has declared and hereby reasserts the defaults and declares the full amount of the Rents and charges for the remaining term of the Lease to now be due, in excess of $470,000.

18. All conditions precedent to the filing of this action have been fulfilled, satisfied, waived or excused.

19. This action does not waive the right of Landlord, which is expressly reserved, to seek eviction of Tenant, including in a separate legal action.

20. Pursuant to the Lease, including Article 26, and the Guaranty, Landlord is entitled to the award of reasonable attorneys' fees and costs from Defendants.

21. Landlord has retained the law firm of Coffey Burlington, P.L. and is obligated to pay the firm a reasonable fee.

COFFEY | BURLINGTON
2601 South Bayshore Drive, Penthouse, Miami, FL 33133 · T. 305·858·2900  F. 305·858·5261

## COUNT I

### ACTION FOR PAST DUE RENTS
### (Defendant Pizza Buffet)

22. Plaintiff repeats and re-alleges the allegations contained above as if fully set forth herein, and further states as follows:

23. This is an action for damages arising out of Tenant's breach of the Lease.

24. Plaintiff and Tenant entered into the Lease as alleged above.

25. Tenant failed to pay, when due, certain rents and other charges pursuant to the Lease, and is therefore in default of the Lease.

26. Plaintiff made a demand upon the Tenant for payment of the amounts due, but despite the demand, Tenant failed to pay.

27. As a direct and proximate result of Tenant's breach, Plaintiff has suffered damage.

WHEREFORE, Plaintiff demands judgment against Defendant Pizza Buffet for the past-due amounts under the Lease, as well as for additional Rent and other charges that may continue to accrue, interest, costs, attorneys' fees, and such further relief as this Court deems just and proper.

## COUNT II

### ACTION FOR ACCELERATED RENTS
### (Defendant Pizza Buffet)

28. Plaintiff repeats and re-alleges the allegations contained above as if fully set forth herein, and further states as follows:

29. This is an action for damages arising out of Tenant's breach of the Lease.

30. Plaintiff and Tenant entered into the Lease as alleged above.

31. Tenant failed to pay, when due, certain rents and other charges pursuant to the Lease, and is therefore in default of the Lease.

32. Plaintiff made a demand upon the Tenant for payment of the amounts due, but despite the demand, Tenant failed to pay the amounts.

33. Tenant, moreover, has advised that its non-payment of Rent will continue because of the circumstances related to COVID-19, which is an anticipatory repudiation and breach of its payment obligations under the Lease.

34. Pursuant to Article 26 and applicable Florida law, based on the Tenant's default and repudiation of its obligations under the Lease, the Landlord is entitled to accelerate the Tenant's obligation to pay the balance of future Rents and other charges for the full remaining term of the Lease. Landlord has declared and hereby reasserts the defaults and declares the full amount of the Rents and other charges for the remaining term of the Lease to now be due.[1]

WHEREFORE, Plaintiff demands judgment against Defendant Pizza Buffet for the full amount of future Rents and charges under the Lease, plus interest, costs, attorneys' fees, and such further relief as this Court deems just and proper.

## COUNT III

### ACTION FOR DECLARATORY JUDGMENT
### (Defendant Pizza Buffet)

35. Plaintiff repeats and re-alleges the allegations contained above as if fully set forth herein, and further states as follows:

36. Tenant has failed and refused to pay Rents pursuant to the Lease, based on the force majeure provision in Article 34.

---

[1] Landlord expressly reserves and in no way waives its rights to terminate the Lease or Tenant's right of possession, or to seek eviction of the Tenant – although those rights are not being pursued in this action.

37. Tenant, moreover, has advised that its non-payment of Rent will continue because of the circumstances related to COVID-19, which is an anticipatory repudiation and breach of its payment obligations under the Lease.

38. Plaintiff contends that the force majeure provision does not apply to these circumstances. The provision also expressly states that it does not "apply to Tenant's obligations to pay Rent." Accordingly, since the provision is not applicable, and the Tenant's failure to pay rent is not excused, there is no contractual basis for the Tenant to avoid its obligation to pay rent.

39. There is a substantial controversy between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

40. Declaratory relief would serve a useful and important purpose in clarifying and settling the legal relations in issue, and would terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff requests that this Court issue a judgment declaring (a) that the force majeure provision under the Lease does not excuse Tenant's obligation to pay Rent and other amounts; (b) that Tenant's failure and refusal to pay Rent based on the force majeure provision is not warranted, and constitutes a breach of the Lease; (c) that Tenant is obligated to pay Rent and other amounts due, to be determined by the Court; and (e) awarding Plaintiff interest, costs, and attorneys' fees (pursuant to Article 26 of the Lease), along with such other and further relief as may be permitted.

## COUNT IV

## ACTION ON THE GUARANTY
### (Defendant Ansari)

41. Plaintiff repeats and re-alleges the allegations contained above as if fully set forth herein, and further states as follows:

42. The Guarantor executed and delivered the Guaranty to Landlord.

43. Pursuant to the Guaranty, the Guarantor "absolutely and unconditionally guarantee[s] to Landlord" the obligations of Tenant under the Lease, including the "full and prompt payment to Landlord of all rent, additional rent, and interest, that may become due or payable by Tenant . . . under the Lease."

44. As alleged above, Tenant has breached and failed to make payments under the Lease.

45. Tenant, moreover, has advised that its non-payment of Rent will continue because of the circumstances related to COVID-19, which is an anticipatory repudiation and breach of its payment obligations under the Lease.

46. Notwithstanding Plaintiff's demand for payment and notice to the Guarantor, the Guarantor has also failed to pay or cause to be paid the amounts due. Accordingly, the Guarantor is in breach of the Guaranty.

47. The payment obligations under the Lease, for which Guarantor is obligated, include the past due amounts and the balance of future Rents and other charges for the full remaining term of the Lease, which are in excess of $470,000.

WHEREFORE, Plaintiff demands judgment against Defendant Ansari for damages, including past due Rents and amounts under the Lease, and the balance of future Rents and other charges for the full remaining term of the Lease, plus interest, costs, attorneys' fees, and such further relief as this Court deems just and proper.

        Respectfully submitted,

By:  /s/ *Kevin C. Kaplan*
   Kevin C. Kaplan, Esq.
   Florida Bar No. 933848
   kkaplan@coffeyburlington.com
   lperez@coffeyburlington.com
   service@coffeyburlington.com
   **COFFEY BURLINGTON, P.L.**
   2601 South Bayshore Drive, Penthouse One
   Miami, Florida  33133
   Telephone: (305) 858-2900
   Facsimile:  (305) 858-5261
   *Counsel for Plaintiff*